UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CITIZENS ADVOCATING RESPONSIBLE
ENVIRONMENTAL SOLUTIONS, INC.,

                Plaintiff,

vs.                              Case No.  2:06-cv-123-FtM-29SPC

THE CITY OF MARCO ISLAND and QUALITY
ENTERPRISES USA, INC.,

                Defendants.
_____/

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Temporary Restraining Order (Doc. #3-1) with incorporated supporting Memorandum of Law filed on March 14, 2006. Plaintiff also submitted four supporting affidavits as attachments to its motion. One of the attached affidavits (Doc. #3-3) is that of Samuel C. Gold, plaintiff's attorney, who affirms that he served the subject motion via mail and facsimile to the City Attorney of Marco Island and to the Registered Agent of Quality Enterprises USA, Inc. (Doc. #3-3, p.1).

Plaintiff alleges that defendants, in undertaking a project to renovate and expand the water and sewer systems on Marco Island, have cut and transported water and sewer pipes made from a mixture of concrete and asbestos ("a/c pipes"), and in so doing have violated the National Emission Standards for Hazardous Air Pollutants ("NESHAP"), 40 C.F.R. 61.45 and 40 C.F.R. 61.50.

A temporary restraining order will be issued only if plaintiff demonstrates (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or other if the order is issued; and (4) the public interest at stake, if any. See Local Rules, 4.05(b)(4). It does not clearly appear that immediate and irreparable injury, loss, or damage will result to plaintiff before defendants may be heard in opposition. Fed. R. Civ. P. 65(b).

Plaintiff cites to U.S. v. Tzavah Urban Renewal Corp., 696 F.Supp. 1013, 1022 (D.N.J. 1988) to support its argument that noncompliance with NESHAP and violation of 40 C.F.R. 61.45 and 40 C.F.R. 61.50 is synonymous with irreparable injury. Aside from the fact that the case is from the District of New Jersey and is therefore not binding upon this Court, there are important distinctions between Tzavah Urban Renewal Corp. and the case at bar as it stands in its current stage of litigation. First, the Opinion and Order in U.S. v. Tzavah Urban Renewal Corp. addressed the government's application for a preliminary injunction, not a motion for a temporary restraining order. Second, defendants had an opportunity to respond to plaintiff's allegations, enabling the Court to make more informed findings, specifically that "[t]he Government's evidence of asbestos NESHAP violations at the facility ha[d] been well substantiated. Defendants even admit[ted] that the amount of friable asbestos materials at 16 Park Place exceeded the

260 linear feet or 160 square feet minimum set by the regulations. They also acknowledge[d] their failure to provide EPA with written notification of their intention to renovate as required by 40 C.F.R. § 61.146 and their failure to wet the friable asbestos materials stripped from the facility." (<u>Id</u> at 1022). At this point in the proceedings, defendants have not had the opportunity to respond to plaintiff's allegations and have not admitted to creating conditions in which the asbestos has become friable and, therefore, dangerous to the environment and to people in the environment. Defendant's should have the opportunity to respond to the allegations against them.

Accordingly, it is now

**ORDERED:**

1. Motion for Temporary Restraining Order (Doc. #3-1) is **DENIED**.

2. Assuming proper service of process upon plaintiff of at least **FIVE (5) DAYS** prior to the hearing, a hearing is scheduled for **Monday, March 27, 2006 at 2:30 p.m.** in Courtroom A, United States Courthouse, 2110 First Street, Fort Myers, Florida. As per Local Rule 4.06(B), unless otherwise requested prior to the hearing, each party will be allotted approximately 30 minutes for their argument and/or evidence on the issue of preliminary injunctive relief.

**DONE AND ORDERED** at Fort Myers, Florida, this ___20th___ day of March, 2006.

_____
JOHN E. STEELE
United States District Judge

```
Copies:
Parties of record
DCCD
```